UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                                                   :
WOODS CAPITAL LLC et al,                                           :
                                                                   :
                                    Plaintiffs,                    :          25-CV-8458 (JMF)
                                                                   :
            -v-                                                    :
                                                                   :          MEMORANDUM OPINION
WESTWIN ELEMENTS, INC.,                                            :              AND ORDER
                                                                   :
                                    Defendant.                     :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is presumed, Plaintiffs/Counterclaim-Defendants
Woods Capital, LLC and Woods Equity Partners, LLC ("Plaintiffs") move to compel production
of certain documents by Defendant/Counterclaim-Plaintiff Westwin Elements, Inc. ("Westwin").
*See* ECF No. 27.  Westwin opposes, principally on relevance grounds.  *See* ECF No. 29.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party is entitled to
discovery pertaining to "any nonprivileged matter that is relevant to any party's claim or defense
and proportional to the needs of the case," whether or not the matter admissible in evidence.
FED. R. CIV. P. 26(b)(1).  "Although not unlimited, relevance, for purposes of discovery, is an
extremely broad concept."  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, 14-CV-
4394 (AJN) (BCM), 2016 WL 4613390, at *6 (S.D.N.Y. Aug. 31, 2016) (internal quotation
marks omitted); *accord Alaska Elec. Pension Fund v. Bank of Am. Corp.*, No. 14-CV-7126
(JMF), 2016 WL 6779901, at *2 (S.D.N.Y. Nov. 16, 2016).

Applying that standard here, the Court concludes that most of Plaintiffs' requests are
relevant to the parties' claims and defenses, substantially for the reasons set forth in their letter-

motion.  Westwin's arguments to the contrary are based on an unduly narrow understanding of

Plaintiffs' claims and its own counterclaims.  Accordingly, Plaintiffs' motion to compel is

granted, except that:

- Westwin must comply with Request Nos. 9, 15, and 16 only for the period from January 1, 2025, to the present; and

- Westwin need not comply with Request No. 8 as currently drafted given that only some materials added to the data room since Westwin terminated the parties' agreement are likely to be relevant.  Mindful of Westwin's offer "to search for and produce any specific folders or categories of documents that Plaintiffs identify as relevant to Plaintiffs' performance under the Engagement Letter," ECF No. 29, at 2, the parties shall meet and confer in an effort to reach agreement on how to narrow the request.  If the parties cannot reach agreement, either side may seek Court intervention by filing a letter-motion in accordance with the Court's Individual Rules and Practices for Civil Cases.

The Clerk of Court is directed to terminate ECF No. 27.

SO ORDERED.

Dated: April 1, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

2