UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOODS CAPITAL LLC AND<br>WOODS EQUITY PARTNERS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>WESTWIN ELEMENTS, INC.,<br><br>    Defendant. | 25-CV-8458 (JMF) (GS)<br><br>**STIPULATED CONFIDENTIALITY<br>AGREEMENT AND PROTECTIVE<br>ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs/Counterclaim-Defendants Woods Capital, LLC and Woods Equity Partners, LLC and Defendant/Counterclaim-Plaintiff Westwin Elements, Inc., by and through their counsel of record, hereby stipulate to the following Stipulated Confidentiality Agreement and Protective Order (this "Order") that shall govern all information and documents produced in the above-captioned case (this "Litigation"):

1.    <u>Parties to the Order</u>.  The Parties to this Order are Woods Capital, LLC, Woods Equity Partners, LLC, and Westwin Elements, Inc. (each a "Party" and, collectively, the "Parties"). To the extent that any person other than: (a) counsel of record for the Parties; or (b) those persons identified in paragraph 8, seeks or is given access to information or documents designated as "CONFIDENTIAL" pursuant to this Order, such person must first execute the Nondisclosure Agreement attached as **Exhibit A** hereto ("Nondisclosure Agreement").

2.    Certain information and documents to be produced by the Parties during discovery in this Litigation may contain Confidential Information (as defined below), competitive pricing information, trade secrets or other proprietary or non-public commercial information that should

1

be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3.     The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Order shall include, without limitation, all documents or information, whether in hard copy or electronic form, designated in accordance with the terms of this Order regardless of whether said information is produced or disclosed by a Party or by any person or entity.

4.     Production by Non-Parties.  Any Party issuing a subpoena, request, or other directive to a non-Party seeking the production of information and documents shall simultaneously provide the non-Party with a copy of this Order to ensure that the non-Party is aware of its rights to seek protection of the information and documents pursuant to the terms herein. Information and documents produced by non-Parties during the course of this Litigation may be designated under this Order by such non-Party or by a Party as "CONFIDENTIAL" by following the procedures set forth herein. Confidential Information so designated and produced by non-Parties shall thereafter be treated by the Parties in the same manner as if produced with such designation by a Party. A producing non-Party shall have all the rights of a producing Party with respect to protection of information and documents under the terms of this Order, including, but not limited to, the right to present argument to the Court regarding the sealing of documents filed with the Court (*see* paragraph 24 below). The provisions of this Order for challenging the designation by a Party are applicable to challenges to designations by non-Parties.

5.     Discovery Material.  "Discovery Material" shall mean and include any document (whether in hard copy or computer-readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information and

documents provided in discovery in this Litigation. All Discovery Material generated, produced, obtained, or received in this Litigation shall be used solely for purposes of prosecuting or defending this Litigation and shall not be used for any other purpose.

6. Any Party or any non-Party producing or disclosing or receiving Discovery Material may, in good faith, designate Discovery Material containing Confidential Information as "CONFIDENTIAL."

7. The term "Confidential Information" includes, but is not limited to: confidential and proprietary business, technical, or financial information; commercially or competitively sensitive information, including confidential research or development information; trade secrets; and/or other information required by law or an enforceable agreement to be kept confidential. Confidential Information may include documents or evidence produced in this Litigation (during formal discovery or otherwise), information produced by non-Parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial.

8. All Confidential Information shall be maintained in confidence by the Parties to whom such Confidential Information is produced, and shall not be disclosed to any person except:

> (a) The Court (including court reporters, stenographic reporters and videographers, and court personnel);
>
> (b) The attorneys of record, their partners, employees, contractors, support staff, and associates (collectively, herein, referred to as "Outside Counsel");
>
> (c) Officers and employees of the corporate Plaintiffs and Defendant in this Litigation, provided that such officers or employees shall receive Confidential Information solely on a "need-to-know" basis for purposes of

prosecuting or defending the claims in this Litigation and for no other purposes;

(d)    Consulting or testifying experts and their staff, and litigation support personnel and their staff, who are retained by any Party or Outside Counsel to provide services related to this Litigation; and

(e)    Any other person as to whom the producing Party agrees in writing prior to such disclosure.

9.    Designating Documents.

(a)    No designation of documents as "CONFIDENTIAL" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium or its protective cover, if any. Testimony given at a deposition may be designated "CONFIDENTIAL" in accordance with the provisions of paragraph 20 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any use or disclosure prior to such notification shall not be a violation of this Order.

(b)    Where a receiving Party wishes to designate Discovery Material containing Confidential Information as "CONFIDENTIAL," the receiving Party shall make such designation by notifying the producing Party or non-Party in writing at any time after receiving such Discovery Material. After such notification, the Confidential Information shall be treated as "CONFIDENTIAL" and shall be promptly replaced with a version containing a "CONFIDENTIAL" notice in the applicable manner described in section (a) of this paragraph. In

4

the event the producing Party or non-Party objects to such designation, the procedure for objection to designations set forth in paragraph 18 of this Order shall govern.

10.    Outside Counsel shall be responsible for preventing any disclosure of Confidential Information, except in accordance with the terms of this Order.

11.    Confidential Information produced by non-Parties shall thereafter be treated by the Parties in the same manner as if produced with such designation by a Party.  A producing non-Party shall have all the rights of a producing Party with respect to protection of Confidential Information under the terms of this Order. The provisions of this Order for challenging the designation by a Party are applicable to challenges to designations by non-Parties.

12.    Prior to disclosure of Confidential Information to any non-Parties, including outside consultants or experts, translators, or interpreters in this Litigation, Outside Counsel for the Party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as **Exhibit A**.

13.    A Party may opt to waive treatment of its own designated Confidential Information, if it so chooses.

14.    Nothing in this paragraph shall be deemed to enlarge or restrict the right of any Party to conduct discovery of any expert.

15.    Nothing in this Order shall be construed as requiring that the identity of routine outside suppliers of litigation support services, such as photocopying, scanning, or coding, graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing Party or its Outside Counsel. However, any Party utilizing such services is required to execute the Nondisclosure Agreement attached hereto as **Exhibit A**, which executed Nondisclosure Agreement must be

retained by Outside Counsel utilizing the services of the service provider in question until termination of the Litigation.

16.     Nothing in this Order shall prevent disclosure beyond the terms of this Order of any Confidential Information if the Parties and, if applicable, the non-Party from which the material originated, consent, or if the Court, on motion filed by the Party seeking disclosure, orders that disclosure be made. Any Party may, at any time, request the Court, after notice to the opposing Party or to the non-Party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any Confidential Information.

17.     Nothing herein shall prohibit a Party, or its Outside Counsel, from disclosing any document designated "CONFIDENTIAL" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been told of its contents, who previously had legal access to the Confidential Information, or who would be entitled to access the Confidential Information.

18.     <u>Objection to Designations.</u>   Nothing in this Order shall be construed as an agreement by the receiving Party that information designated by another Party as "CONFIDENTIAL" is, in fact, entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If Outside Counsel for the receiving Party believes that a confidentiality designation is not appropriate or justified, Outside Counsel for the receiving Party will notify Outside Counsel for the producing Party in writing of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this Order. A Party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on

6

Outside Counsel for the producing Party, or on the non-Party if the non-Party produced the Confidential Information, and shall specifically identify—by bates number, attachment or link—the document(s) that the receiving Party contends should be designated differently. If the producing Party does not respond within 14 calendar days after the challenge, the "CONFIDENTIAL" designation shall be deemed waived and removed. If the producing Party disagrees with the receiving Party's challenge, the Parties shall meet and confer within 14 calendar days of the objection and use their best efforts to resolve promptly and informally such disputes. If the Parties do not reach agreement on the correct designation of the information within 14 calendar days of service of a challenge, the receiving Party may file a motion with the Court setting forth the receiving Party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the Confidential Information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and be treated consistently with the terms of this Order.

19.    Nothing in this Order shall preclude any Party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

20.    <u>Procedure at Depositions.</u>  Information disclosed at a deposition may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL."  All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the Parties as set forth herein.  Testimony in a deposition may also be designated "CONFIDENTIAL" by notifying the deposing Party during the deposition and on the record that the testimony of the deposition is expected to contain confidential Discovery

Material, and then also by identifying to the deposing Party in writing within 30 days of the receipt of the transcript those pages and lines of the transcript or those exhibits that are "CONFIDENTIAL." In such a case where a deposition is expected to contain Confidential Information, no such deposition transcript may be read by anyone other than the deponent, Outside Counsel, and those qualified to see "CONFIDENTIAL" material under paragraph 8 during the 30-day period following a deposition unless otherwise agreed by Outside Counsel. If a Party or its Outside Counsel provides notice that it expects the deposition to contain Confidential Information but does not designate specific pages and lines of the transcript as Confidential Information within 30 days, the designation shall be deemed waived and removed. Upon being informed that certain portions of a deposition disclose Confidential Information, each Party must cause each copy of the transcript in its custody or control to be marked "CONFIDENTIAL" immediately.

21.    Inadvertent Production. If a Party or other person receiving Confidential Information learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Order, such receiving Party or person shall immediately: (i) notify in writing the Party or person who designated the information as "CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Confidential Information; and (iii) inform the person(s) to whom unauthorized disclosure was made of the terms of this Order and that such Discovery Material is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such Confidential Information in accordance with the notice from the date such notice is received. Disclosure or use of Discovery Materials designated as "CONFIDENTIAL" prior to the receipt of such notice shall not be deemed a violation of this Order. A receiving Party who has disclosed such "CONFIDENTIAL" materials prior to the receipt of such notice shall take steps to cure such

disclosure by requesting return of the original document and substituting it with the properly marked one.

22.     No Waiver.   When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing Party of any claims of privilege or work-product immunity.  Pursuant to the agreement of the parties under Fed. R. Evid. 502(e) and by Protective Order of this Court under Fed. R. Evid. 502(d), no inadvertent or mistaken disclosure, production, or exchange of information, document or thing in this case shall constitute a waiver of any applicable attorney-client privilege, any applicable work product protection or any other privilege in this or any other federal or state proceeding under any circumstances.  However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

23.     No Admissions.   Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, object or item: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute Confidential Information; or (4) is or is not admissible in evidence at trial or at any hearing.

24.     Filing with the Court.  Any Party or non-Party that seeks to file Confidential Information under seal shall comply with Rule 7 of Judge Jesse M. Furman's Individual Rules and Practices in Civil Cases.

25.    Conclusion of Litigation.  Within 60 days of the final termination of this Litigation, including any appeals, the Parties shall return or, at its option, destroy, any and all copies of Confidential Information, except that Outside Counsel for each Party may maintain in its files archival copies of documents constituting work product, including but not limited to pleadings, deposition transcripts with the exhibits, written discovery responses, and all other documents and information required, by law or state bar, to be maintained.

26.    Upon receipt of any subpoena for Confidential Information, the Party receiving the subpoena shall immediately notify Outside Counsel for the producing Party of the subpoena so that the latter may protect its interests.

27.    Under no circumstances may Confidential Information be uploaded to a Generative AI tool or product that is accessible to the public at large, such as ChatGPT, Claude, Jasper, Perplexity, and Gemini.  Such Confidential Information may only be entered into a "Secure AI Tool," which is defined as an internal, closed network Generative AI tool that is secure, encrypted, hosted on either a private cloud environment or a private tenant in an otherwise public cloud, does not permanently retain data inputted by the Parties, and is not used to train or improve any public or private Generative AI models.  To the extent any Party enters, uploads, or otherwise submits by any means any Confidential Information into a Secure AI Tool, such information or document and results received from it must be (a) viewable only by persons authorized to receive such information or documents under this Order, (b) not accessible to any person who is not authorized to receive such information or documents under this Order, and (c) available exclusively for a use that is expressly permitted by this Order.

28.    Violation by any person of any term of this Order may be punishable as contempt of court. Any person or entity that produces Confidential Information in response to a discovery

request or subpoena in this Litigation may pursue all remedies available for violation of this Order and Nondisclosure Agreement.  Nothing in this Order shall prevent or prohibit any Party or non-Party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this Litigation.

29.    Any Discovery Materials produced in this Litigation and Designated as "Confidential" prior to the date of this Order will be subject to this Order and treated as confidential in accordance with the terms of this Order.

30.    The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

(a)    Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

(b)    Was lawfully possessed by the non-designating Party prior to the date the Litigation commenced.

31.    Survival.  This Order shall continue in full force and effect after the termination of this Litigation, including all appeals.  However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of the evidence.

32.    The Parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

Respectfully submitted this 8th day of April, 2026.

11

STERLINGTON, PLLC                    HUNTON ANDREWS KURTH LLP

/s/ Mari K. Bonthuis                 /s/ Jennifer L. Bloom
Mari K. Bonthuis                     Patrick L. Robson
Marisa L. Pagán-Figueroa (admitted PHV)   Jennifer L. Bloom
228 Park Avenue South, No. 97956     200 Park Avenue
New York, New York 10003             New York, New York 10166
(212) 433-2834                       (212) 309-1000
(212) 729-3034                       (212) 309-1100
Mari.bonthuis@sterlingtonlaw.com     probson@hunton.com
Marisa.pagan-figueroa@sterlingtonlaw.com   jbloom@hunton.com

*Counsel for Plaintiffs/Counterclaim-*    Robert T. Quakenboss
*Defendants Woods Capital, LLC and Woods*   2200 Pennsylvania Ave., NW
*Equity Partners, LLC*               Washington DC 20037
                                     (202) 955-1950
                                     (202) 778-2201
                                     rquackenboss@hunton.com

                                     *Counsel for Defendant/Counterclaim Plaintiff*
                                     *Westwin Elements, Inc.*


IT IS SO ORDERED, this the <u>10th</u> day of April, 2026.

_____
Hon. Jesse M. Furman
United States District Judge


This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

12

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOODS CAPITAL, LLC AND<br>WOODS EQUITY PARTNERS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>WESTWIN ELEMENTS, INC.,<br><br>    Defendant. | 25-CV-8458 (JMF) (GS) |

## NONDISCLOSURE AGREEMENT

The undersigned, having read the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered in this action between Plaintiffs and Defendant (each a "Party" and collectively the "Parties"), understanding the terms thereof, and intending to be legally bound thereby, agrees as follows:

1.    All information and documents disclosed to the undersigned pursuant to the Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2.    Such information and documents shall be disclosed to and discussed only with the Parties, the Parties' outside counsel and other persons so authorized pursuant to the terms of this Order, who have, in accordance with the provisions of this Order, executed a Nondisclosure Agreement.  Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company,

13

firm, news organization, or any other person or entity whatsoever, except in compliance with this Order and this Nondisclosure Agreement.  This Nondisclosure Agreement does not limit the right of the undersigned to testify at trial in this Litigation or to prepare documents or other materials for submission at trial in this Litigation.

4.      The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of confidential documents or information covered by this Order.

4.      The undersigned further agrees to return to the Party or attorney from whom he or she received such confidential documents and information, all Confidential Information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by this Order, within 30 days after the termination of this Litigation, including all appeals.

5.      The undersigned acknowledges that a violation of the terms of this Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____          _____
                                        Signature

                                        _____
                                        Printed Name

                                        _____
                                        _____
                                        _____
                                        Address

                                        _____
                                        Employer(s)

15