# Sterlington

April 28, 2026

**By ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Re:  ***Woods Capital, LLC and Woods Equity Partners v. Westwin Elements, Inc.**,*
> **Case No. 1:25-CV-08458 (S.D.N.Y.)**

Dear Judge Furman:

Pursuant to Local Rule 37.2 and Section 3.D. of Your Honor's Individual Rules and Practices, Plaintiffs Woods LLC[1] submit this letter-motion seeking an order requiring Defendant to begin immediate production of documents and other relief.

At the outset of this case, the Court set a fact discovery deadline of May 15, 2026 while also referring the parties to a magistrate judge for settlement purposes, ECF No. 20 ¶ 6; ECF No. 21, advising the parties during the January 13 initial pretrial conference that settlement must proceed on a "parallel track." Heeding that directive, particularly as the parties' mediation was deferred until April 27,[2] Plaintiffs made two productions totaling 4,211 documents and noticed four depositions for the last two weeks of discovery. ECF No. 32-1 ¶ 4; Declaration of Mari K. Bonthuis ("Bonthuis Decl.") ¶ 4. But as of today – 61 days after Defendant agreed to produce documents in response to many of Plaintiffs' Requests, 27 days after the Court ordered Defendant to produce documents in response to additional Requests, and 31 days before the close of discovery on May 29 – <u>Defendant has produced only 57 documents</u>. ECF No. 38-1 ¶ 4.

Alarmed at this pace of production, Plaintiffs raised the issue last week during an April 21 meet-and-confer and asked Defendant to confirm when it would produce additional documents – to which counsel simply responded "soon." Bonthuis Decl. ¶ 5. The very next day, Defendant's counsel filed a Motion to Withdraw, advising that it had been terminated by Westwin. ECF No. 42, 42-1.

Continuing to press for a commitment to produce documents, Plaintiffs requested on April 27 to meet and confer with Defendant's new counsel, Matthew Yogg. Bonthuis Decl., Exhibit C. During that conversation, which occurred at 3 p.m. today, Mr. Yogg could not commit to producing any documents this week, stating that Plaintiffs already had the documents they needed for this case. Bonthuis Decl. ¶¶ 7–8. Mr. Yogg questioned how the documents sought by the Requests

---

[1] All nomenclature here not otherwise defined has the same meaning as in Plaintiff's letter-motion of March 24, 2026. *See* ECF No. 27.

[2] The parties' settlement conference with Judge Stein was originally scheduled for March 24, 2026, ECF No. 25. On March 19, 2026, however, Judge Stein's courtroom deputy notified the parties that the Court needed to reschedule the settlement conference. Bonthuis Decl., Exhibit B. After the parties provided alternative dates, Judge Stein rescheduled the settlement conference for April 27, 2026. ECF No. 28.

# Sterlington

were relevant to the claims and defenses in the case, *id.* ¶ 8 – even though Defendant had either agreed to produce documents in response to those Requests two months ago or been ordered to do so by the Court almost four weeks ago. Bonthuis Decl., Exhibit A; ECF No. 30. When asked whether Defendant would produce documents this week, Mr. Yogg stated that he would "take a look" but "can't commit to everything." Bonthuis Decl. ¶ 9.

The Court granted the Motion to Withdraw "only on the understanding that new counsel is aware of the schedule in this case and is prepared to abide by it." ECF No. 44. With 31 days left in discovery, and four depositions noticed by Plaintiff, that time frame now appears impossible.

Plaintiffs respectfully request that the Court order Defendant to (1) make a substantial document production by Friday, May 1; (2) make additional substantial productions on May 5, on May 8, on May 12, and May 15 and (3) complete its production by May 15.

Additionally, because Defendant has forced Plaintiffs to twice seek relief from this Court to obtain documents, Plaintiffs respectfully request an award of attorneys' fees incurred in connection with this letter-motion and Plaintiff's March 24, 2026 letter-motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). There can be no "substantial justification" for failing to produce effectively no documents at this point in a case. *See Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 379–80 (S.D.N.Y. 2011) (granting attorneys' fees where opposing party "provide[d] no substantial justification for the delay in producing documents").

Respectfully submitted,

*M. K. Bonthuis*

Mari K. Bonthuis

cc:     Counsel of record (via ECF)

Defendant shall file any response **no later than April 30, 2026.**

SO ORDERED.

April 29, 2026

2